

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JDL
F.#2010R00245

*271 Cadman Plaza East*

*Brooklyn, New York 11201*

October 13, 2010

**BY HAND AND ECF**

Michael Schneider, Esq.
Federal Defenders of New York, Inc.
1 Pierrepont Plaza
16th Floor
Brooklyn, NY 11201

            Re:  United States v. Jason Cuebas
                 Criminal Docket No. 10-277 (KAM)

Dear Mr. Schneider:

            Pursuant to Rule 16 of the Federal Rules of Criminal
Procedure, please find enclosed with this letter discovery in the
above-referenced matter.  This submission supplements the
government's earlier disclosure of April 25, 2010.  Please also
consider this letter to be the government's request for
reciprocal discovery.

1.     Statements of the Defendant

            Enclosed please find a compact disc containing
recordings of telephone calls between members of the conspiracy
charged in the indictment in this case, which were monitored with
the consent of one of the participants.

            Enclosed also find a copy of various consent and waiver
forms signed by the defendant (Bates-numbered 202 to 207), a
redacted NYPD Complaint - Follow Up Informational Report
reflecting statements made by the defendant (Bates-numbered 208
to 209), a Personal History Report form reflecting statements
made by the defendant (Bates-numbered 210), and an NYPD Vehicle
Seizure Form signed by the defendant (Bates-numbered 258).

2.     Prior Criminal History

            A copy of the defendant's criminal history report was
produced to you on April 25, 2010.  The government hereby

produces additional NYPD reports containing criminal history information (Bates-numbered 211 to 257).

3.   Documents and Tangible Objects

The government is in possession of a cellular telephone, computer, and a 2001 Chevrolet Tahoe automobile recovered from the defendant at the time of his arrest.  The government hereby produces a list of contact information retrieved from the defendant's cellular telephone upon his consent to a search (Bates-numbered 259 to 266).

The government is also in possession of an Apple iPhone cellular telephone, which was recovered from the defendant Derrick Diaz's residence at the time of his arrest.  The government is also in possession of a cellular phone and wallet recovered from defendant Ruben Mendez at the time of his arrest.

The government is also in possession of two screwdrivers, a blood-stained quilt, a sock, a casting mold of pry marks, latent fingerprint lifts, and additional swabs of blood and DNA samples, all of which were recovered from 1767 East 7th Street, Brooklyn, New York.  The government hereby produces redacted NYPD reports associated with this physical evidence (Bates-numbered 267 to 294).

The government has also returned a 2010 Ferrari California automobile to the victims in this case.

The government hereby produces copies of the following documents: (1) photographs of the 2001 Chevrolet Tahoe taken after it was seized (Bates-numbered 17 to 20); (2) photographs of the 2001 Chevrolet Tahoe in the vicinity of 1925 East 1st Street, Brooklyn, New York, prior to the robbery of that residence (Bates-numbered 21 to 22); (3) Sprint Nextel records for telephone number (347) 236-9654 (Bates-numbered 23 to 117); (4) AT&T records for telephone number (347) 882-3111 (Bates-numbered 118 to 137); and (5) T-Mobile records for telephone numbers (347) 435-4642 and (347) 884-6235 (Bates-numbered 138 to 196). The government also hereby produces compact discs containing records for telephone numbers (347) 236-9654, (347) 435-4642, (347) 576-3939, and (347) 882-3111.

You may call me to arrange a mutually convenient time to inspect and/or photograph these items.

4.   <u>Reports of Examinations and Tests</u>

        Enclosed with this letter are redacted copies of a DNA
HITS report (Bates-numbered 197 to 201).  The government will
provide you with copies of any additional reports of examinations
or tests in this case, as they become available.

5.   <u>Expert Witnesses</u>

        The government will comply with Fed. R. Crim. P.
16(a)(1)(G) by notifying you in a timely fashion of any expert
that the government intends to call at trial and providing you
with the expert's credentials and a summary of the expert's
opinion.

        At present, the government intends to call a DNA
expert.  The expert's identity, qualifications, and the bases for
his or her conclusions will be provided to you when they become
available.

6.   <u>Brady Materials</u>

        The government is unaware of any exculpatory material
regarding the defendant in this case.  The government is aware of
and will comply with its obligation to produce exculpatory
material or information under <u>Brady v. Maryland</u>, 373 U.S. 83
(1963).

        The government will furnish the defense before trial
with information or material regarding payments, promises of
immunity, leniency, or preferential treatment, if any, made to
prospective witnesses within the scope of <u>Giglio v. United
States</u>, 405 U.S. 150 (1972) and <u>Napue v. Illinois</u>, 360 U.S. 264
(1959).  The government will furnish before trial information or
material regarding any prior convictions of any co-conspirator,
accomplice or informant who may testify at trial for the
government.

        The government will also furnish before trial materials
discoverable pursuant to Title 18, United States Code, Section
3500.

<u>The Defendant's Required Disclosures</u>

        The government hereby requests reciprocal discovery
under Rule 16(b) of the Federal Rules of Criminal Procedure.  The
government requests that the defendant allow inspection and
copying of (1) any books, papers, documents, photographs, tapes,

tangible objects, or copies or portions thereof, which are in the defendant's possession, custody or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results of reports or physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession, custody, or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify.  See Fed. R. Crim. P. 26.2.  In order to avoid any unnecessary delay, we request that you have copies of these statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony the defendant intends to use under Rules 702, 703, and 705 of the Federal Rules of Evidence.  The summary should describe the opinions of the witnesses, the bases and reasons for those opinions, and the witnesses' qualifications.

If you have any further question or request, please do not hesitate to contact me.  The government will supplement this letter as appropriate.

Very truly yours,

LORETTA E. LYNCH
United States Attorney

By:  /s/ Justin D. Lerer
Justin D. Lerer
Assistant United States Attorney
(718) 254-6124

Enclosures

cc:  Clerk of Court (KAM) (w/o enclosures)